**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANGELICA MOORE, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § | | |
| PLAINTIFF, § | CIVIL ACTION NO. _____ | |
| § § | | |
| v. § § | | |
| CARDINAL COMPLIANCE CONSULTANTS, LLC, § § § § | COLLECTIVE ACTION (JURY DEMANDED) | |
| DEFENDANT. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Angelica Moore ("Plaintiff" or "Mrs. Moore"), on behalf of herself and all others similarly situated, files this Original Complaint against Cardinal Compliance Consultants, LLC ("Defendant" or "Cardinal") and in support thereof would show as follows:

### I. INTRODUCTION

1.1  Cardinal is a staffing company focused on placing health and safety employees who provide safety support for short-term and long-term projects throughout multiple industries nationwide, including Texas. Cardinal manages these same employees at the various projects where it assigns them to work. They are employees of Cardinal.

1.2  Plaintiff is a former employee of Cardinal, who performed work as a health and safety employee. Plaintiff was misclassified by Defendant as exempt from the overtime protections and benefits of the Fair Labor Standards Act ("FLSA").

1.3  Plaintiff worked more than forty (40) hours in a work week for Defendant but was not compensated at a rate of time and a half her regular rate of compensation for all hours worked

in excess of forty (40) hours in a work week. Cardinal instead paid Plaintiff her regular rate of pay, not time and a half, for overtime hours worked. Plaintiff was not compensated on a salary basis.

1.4     Like Plaintiff, employees placed by Cardinal to perform duties similar to Plaintiff for Cardinal's client companies are/were not compensated at a rate of time and a half their regular rate of compensation for all hours worked in excess of forty (40) hours in a work week. Instead, Cardinal has a written policy and/or implemented practice of paying its placed employees for overtime hours at their regular rate of pay. Like Mrs. Moore, the employees placed by Cardinal are not compensated on a salary basis.

1.5     Plaintiff brings this action individually and on behalf of all current and former employees placed by Defendant to perform work in health and safety for Cardinal's client companies in Texas who received straight time instead of time and a half for overtime hours worked in the three years preceding the filing of this lawsuit. Mrs. Moore seeks to recover overtime compensation, other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the FLSA, as amended, 29 U.S.C. § 201 *et seq.*

1.6     Plaintiff and all others similarly situated demand a jury trial.

## II.     PARTIES

**A.     PLAINTIFF**

2.1     Within the last two years, Plaintiff was employed by Defendant within the meaning of the FLSA in Galveston County, Texas. Mrs. Moore was employed by Cardinal from approximately October 27, 2017 to May 11, 2018. Plaintiff's Notice of Consent is attached hereto and is being filed herewith.

2.2     The "FLSA Class Members" are all current and former employees placed by Defendant to perform work in health and safety for Cardinal's client companies in Texas who received straight time instead of time and a half for overtime hours worked in the three years preceding the filing of this lawsuit. Like Plaintiff, these persons engaged in commerce or in the production of goods for commerce in the performing of their duties for Defendant. These collective action members are referred to as "similarly situated."

B.  **DEFENDANT**

2.3     Cardinal is a foreign corporation that does business in the State of Texas and Galveston County. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, because Cardinal is a nonresident who engages in business in Texas but has not designated or maintained a resident agent for service of process in this state or a regular place of business in this state, the Texas Secretary of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by serving process on the Secretary of State. Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to the person in charge of this non-resident's business at this Defendant's home office as follows:

> Cardinal Compliance Consultants, LLC
> 1135 Corporate Drive
> Holland, Ohio 43528

The Secretary of State is further requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to Cardinal's registered agent in Ohio as follows:

> Dana R. Quick, Esq.
> 405 Madison Avenue, Suite 1900
> Toledo, Ohio 43604

2.4  Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.5  At all relevant times to this action, Defendant was the employer of Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

2.6  For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

### III.   JURISDICTION AND VENUE

3.1  Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2  Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because, among other reasons, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

### IV.   FACTUAL BACKGROUND

4.1  Cardinal is a staffing company focused on placing health and safety employees who provide safety support for short-term and long-term projects throughout multiple industries nationwide, including Texas.

4.2  The employees placed by Cardinal are employees of Cardinal. Among other things:

    a.    Cardinal manages these same employees at the various projects where it assigns them to work and communicates with them regarding the assigned tasks;

    b.    Each employee placed by Cardinal is under the supervision of, and subject to the policies and protocol of, Cardinal;

    c.    Cardinal screens, interviews and hires the employees it places and has the authority to fire the employees;

    d.    Cardinal controls the placed employees' work schedules and conditions of employment, determines their rate and method of pay;

    e.    Cardinal maintains records of hours and handles payroll to these same employees;

    f.    Cardinal maintains employment records, such as, but not limited to, the placed employees' resumes, employment applications, background check documentation, pay records, and time records; and,

    g.    Cardinal holds out the employees it places as employees of Cardinal.

4.3    Employees placed by Defendant to perform work for Cardinal's client companies are employees of Cardinal. They are, however, incorrectly labeled by Cardinal as "independent contractors" of Defendant in the employees' Contractor Agreements.

4.4    Plaintiff is a former employee of Cardinal, who was incorrectly labeled by Cardinal as an "independent contractor" in her Contractor Agreement with Defendant.

4.5    Plaintiff was placed by Cardinal to perform work at Marathon Texas City Refinery in Galveston County, Texas. Throughout her employment with Cardinal, Plaintiff performed work in health and safety for Defendant.

4.6    Cardinal controlled the hours to be worked by Plaintiff.

4.7    Cardinal supervised the work to be performed by Plaintiff.

4.8    Cardinal maintained communication with Plaintiff while Plaintiff performed work at Marathon Texas City Refinery.

4.9   Plaintiff was treated and held out by Cardinal as an employee of Defendant and Plaintiff performed job duties which reflected such status.

4.10   Plaintiff was not compensated by Cardinal on a salary basis.

4.11   Plaintiff's employment arrangement with Cardinal did not include a guarantee of at least $455 per work week regardless of the number of hours, days or shifts worked by Plaintiff.

4.12   Plaintiff was paid on an hourly basis by Defendant.

4.13   Plaintiff's timesheets reflect that Plaintiff regularly worked more than forty (40) hours per work week.

4.14   Although Defendant required Plaintiff to work more than forty (40) hours per work week, Defendant did not compensate Plaintiff at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  That is, Defendant did not compensate Plaintiff for overtime hours at the appropriate rate.

4.15   By way of example only, during the pay period of April 22, 2018 to April 28, 2018, Plaintiff worked 72 hours.  This is reflected in Mrs. Moore's Earning Statement and Invoice for that pay period.  Mrs. Moore's Earning Statement for that pay period reflects that Defendant did not compensate Mrs. Moore at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per work week.  Instead, for her overtime hours, Cardinal paid Mrs. Moore her regular rate of pay.

4.16   No FLSA exemption applies to employees who performed the job duties of Plaintiff.

4.17   The primary job duty of Plaintiff was to assist in implementing and applying the client companies' safety manuals and checklists under the supervision of, and subject to the

policies and protocol of, Cardinal. Plaintiff's job duties were primarily non-office labor that did not involve supervisory or managerial functions.

4.18   Plaintiff was a nonexempt employee entitled to overtime wages under the FLSA.

4.19   During the relevant period, Defendant has been subject to the requirements of the FLSA.

4.20   Cardinal failed to comply with the FLSA in that Plaintiff performed services for Defendant, and she was not properly compensated for those hours worked in excess of forty (40) hours within a work week. Plaintiff was not paid at one and one-half of her regular rate of pay for all hours worked in excess of forty (40) per work week as required by the FLSA.

4.21   The conduct of Defendant, as set out above, has been willful and in bad faith, and has caused significant damages to Plaintiff.

## V.   COLLECTIVE ACTION ALLEGATIONS

5.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2   Other employees similarly situated to Plaintiff were not paid overtime for all hours worked in excess of forty (40) per work week as required by the FLSA.

5.3   During the relevant period, Cardinal has placed at least 10 employees to perform work in health and safety for Cardinal's client companies in Texas.

5.4   During the relevant period, Cardinal has placed at least 25 employees to perform work in health and safety for Cardinal's client companies in Texas.

5.5   Such workers worked more than forty (40) hours per work week during at least one week in the last three years.

5.6     Like Plaintiff, such workers were not paid overtime for all hours worked in excess of forty (40) per work week.

5.7     Like Plaintiff, such workers were paid their regular rate of pay for all hours worked in excess of forty (40) per work week

5.8     Like Plaintiff, such workers perform or have performed responsibilities that do not fall under any applicable exemption.

5.9     Such workers are not exempt from receiving overtime pay under the FLSA.

5.10    As such, such workers are similar to Plaintiff in terms of pay structure and/or the denial of overtime pay.

5.11    These other similarly situated employees are being denied and have been denied their lawful wages. Accordingly, Defendant's pattern or practice of failing to pay its employees overtime pay (at time and one-half) as required by the FLSA results from Defendant's general application of policies and practices and does not depend on the personal circumstances of Plaintiff and those similarly situated.

5.12    The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). The class is properly defined as:

> **All current and former employees placed by Defendant to perform work in health and safety for Cardinal's client companies in Texas who received straight time instead of time and a half for overtime hours worked in the three years preceding the filing of this lawsuit.**

5.13    Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.14    Plaintiff requests that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.15    Plaintiff seeks equitable tolling to protect the rights of those similarly situated.

5.16    Plaintiff seeks to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.17    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.18    Plaintiff will fairly and adequately represent and protect the interests of those who are similarly situated.  Plaintiff has retained counsel competent, experienced in complex wage and hour matters and collective actions.

## VI.    VIOLATIONS OF THE FLSA

6.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2    Plaintiff and all others similarly situated are non-exempt employees employed by Defendant.

6.3    Plaintiff and all others similarly situated are entitled to overtime pay at a rate of time and one-half for all hours in excess of forty (40) hours worked during each seven-day work week.

6.4    Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiff and all other similarly situated employees overtime compensation at a rate of time and one-half for all hours worked in excess of 40 hours per work week.

6.5    Defendant has not made a good faith effort to comply with the FLSA.

6.6    No exemption excused Defendant from paying Plaintiff and all others similarly situated, overtime pay for all of the hours worked over forty (40) per work week.

6.7    Rather, Defendant knowingly, willfully, or with reckless disregard carried out its

illegal pattern or practice regarding overtime compensation owed to Plaintiff and to all other similarly situated employees.

6.8     Plaintiff and all others similarly situated seek all unpaid wages, overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, litigation expenses, expert fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.    JURY DEMAND

7.1     Plaintiff and all others similarly situated hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiff and all those similarly situated to her who have or will opt into this action, respectfully prays that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiff and all others who opt-in to this action recover the following:

- a. an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;
- b. damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;
- c. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;
- d. all applicable penalties for the violations set forth herein;
- e. an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiff and all those similarly situated;
- f. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

      g.    such other and further relief, at law or in equity, as this Court deems just and appropriate.

Dated: May 21, 2018
Houston, Texas

                          Respectfully submitted,

                          CEDILLOS LAW FIRM, PLLC

                          By: */s/ J. Moises Cedillos*
                              J. Moises Cedillos
                              State Bar No. 24080828
                              Southern District I.D. No. 1531827
                              3801 Kirby Dr., Suite 510
                              Houston, Texas 77098
                              (832) 900-9456
                              (832) 900-9456 (fax)
                              moises@cedilloslaw.com

                              ATTORNEY FOR PLAINTIFF